FILED

2022 Mar-10  AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRY ROSHON DOWDELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cv-581-ACA-GMB** |
| | ) | |
| **KAY IVEY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Barry Roshon Dowdell filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc.1). In September and October 2021, the magistrate judge ordered Mr. Dowdell to replead the complaint. (Docs. 7, 8). When Mr. Dowdell failed to do so, the magistrate judge entered a report recommending that the court dismiss this action for Mr. Dowdell's failure to prosecute. (Doc. 11). The magistrate judge later withdrew the report and recommendation because Mr. Dowdell filed a document that the magistrate judge construed as an attempt to amend the complaint. (Doc. 15). The magistrate judge again ordered Mr. Dowdell to file an amended complaint by February 25, 2022, warning Mr. Dowdell that failure to comply could result in dismissal of the action without further notice. (*Id.* at 2).

The deadline has now passed, and Mr. Dowdell has not filed an amended complaint. Because Mr. Dowdell has failed to comply with the court's order and

has failed to prosecute this action, the court **WILL DISMISS THIS ACTION**

without prejudice under Federal Rule of Civil Procedure 41(b).

The court will enter a separate final order.

For information regarding the cost of appeal, see the attached notice.

**DONE** and **ORDERED** this March 10, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

2

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                       In Replying Give Number
Clerk of Court                                                       of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

 If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)     Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2)     arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account.  The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10.  Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court

PLRA Notice

3